UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-526-TLS-AZ |
| RAY, | |
| Defendant. | |

**OPINION AND ORDER**

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on May 13, 2024, he was sexually assaulted by another inmate at the Allen County Jail. He reported the assault, and Corporal Ray, the classification officer, moved him to a different block. Dewey complains, though, that Corporal Ray did not classify Dewey and his alleged attacker as "keep separate," which would prevent the two of them from being placed in the same housing unit or cell in the future.

About two weeks later, on May 25, 2024, Dewey alleges he was placed in the same cell as his attacker for several hours before being moved. He is suing Corporal Ray for the stress and anxiety he experienced by being placed in a dangerous situation.

As a pretrial detainee, Dewey has a right under the Fourteenth Amendment to be protected "from physical harm inflicted by others in the institution." *Kemp v. Fulton County*, 27 F.4th 491, 494 (7th Cir. 2022). The Constitution protects him from physical harm, not from the fear of physical harm. *See id.*; *Bell v. Wolfish*, 441 U.S. 520, 534 (1979) (recognizing that pretrial detainees do not have a fundamental liberty interest to be "free from discomfort"). Here, because he was not actually harmed when forced to share a cell temporarily with his attacker, he does not state a claim for failure to protect; rather, this is more properly characterized as a conditions-of-confinement case in which the purported injury is the psychological stress associated with being in a cell with his attacker. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997), *as amended* (May 29, 1997). As a pretrial detainee, Dewey is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell*, 441 U.S. at 535). An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025).

The stress and anxiety Dewey reports, while certainly distressing, do not allow a reasonable inference that he experienced a psychological injury that amounted to punishment. "An injury is necessary for a constitutional tort under [42 U.S.C.] § 1983." *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) (citing *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020)); *see also Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021) ("[T]o the extent Walker seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury." (citing *Lord*, 952 F.3d at 905)). A "trivial" injury is insufficient to show cognizable harm for a claim under 42 U.S.C.

§ 1983. *Lord*, 952 F.3d at 905. Dewey alleges no facts that takes Corporal Ray's decision not to place a keep separate order on Dewey and his attacker into the realm of punishment.

This complaint does not state a claim for which relief can be granted. If Dewey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Charles Lee Dewey, III, until **August 25, 2025**, to file an amended complaint; and

(2) CAUTIONS Charles Lee Dewey, III, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 15, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
