UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES LEE DEWEY, III,

    Plaintiff,

        v.           CAUSE NO.: 1:24-CV-526-TLS-AZ

RAY,

    Defendant.

**OPINION AND ORDER**

Charles Lee Dewey, III, a prisoner without a lawyer, filed an amended complaint.[1] ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on May 23, 2025, he was sexually assaulted by an inmate and reported it. Classification Officer Ray moved him to a new unit. Dewey asked Officer Ray that he and his attacker be designated as "keep separate" and was told that it was granted. However, Officer Ray did not enter the designation into the system, and so on May 25, 2024, Dewey was placed in the waiting room with his attacker, where he remained for three hours until he was moved. In those three hours, Dewey's attacker teased Dewey about what he had done to Dewey.

---

[1] Dewey filed a motion for an extension of time to file his amended complaint, fearing it would not reach the court before the August 25, 2025, deadline. ECF 25. Because his amended complaint was filed before the deadline, the court will deny the motion as moot.

When the error was brought to Officer Ray's attention, he corrected it and added the keep separate designation. Dewey is suing Officer Ray because the lack of a keep separate order allowed him to be placed in the same room as his attacker, and this caused him a great deal of stress, anxiety, and depression. He feels this amounted to punishment because the stress was so severe it led to headaches, the anxiety was so severe it led to loss of sleep, and the depression was so severe he tried to kill himself.

As Dewey was told in the previous screening order (ECF 15), because he was not physically injured during the three hours he shared a room with his attacker, any potential claim falls under a conditions-of-confinement case in which the purported injury is the psychological stress associated with being in a cell with his attacker. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997), *as amended* (May 29, 1997). As a pretrial detainee, Dewey is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025). In comparing this situation to other cases involving a psychological injury, the court concludes this does not state a constitutional claim.

For example, in *Babcock v. White*, the Seventh Circuit held that ten months of a prisoner's "severe psychological distress as a result of finding himself in the proximity of those who would kill him if given the opportunity" did not "reflect the deprivation of the minimal civilized measures of life's necessities." *Babcock v. White*, 102 F.3d 267, 271–72 (7th Cir. 1996) (cleaned up). That situation was contrasted with the hypothetical posited in Justice Blackmun's

concurrence in *Hudson v. McMillian*, 503 U.S. 1, 16 (1992), of "a prison guard placing a revolver inside an inmate's mouth" as a constitutional psychological injury. *Babcock*, 102 F.3d at 273. Furthermore, in *Doe v. Welborn*, the Seventh Circuit concluded two months of experiencing "the terror, psychological harm and deterioration, and suicide attempts that come from living with the constant threat of death" was not "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment." 110 F.3d at 524. Although those cases were decided under the Eighth Amendment, not the Fourteenth Amendment, they are illustrative of what kind of psychological torture is necessary to deprive an inmate of the minimal civilized measure of life's necessities. In short, the few hours of distress Dewey experienced from sharing a room with his attacker is not a compensable injury under the Fourteenth Amendment.

This complaint does not state a claim for which relief can be granted and will be dismissed. However, there are other pending motions to be addressed. First, Dewey moves for assistance recruiting counsel. ECF 16. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. In addition, courts may consider "the strength or weakness of the underlying claims." *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022). Because "pro bono lawyers are not a limitless resource," district courts may consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce

3

pro bono counsel resources to the case before it." *Id.* at 758, 764. Here, the court declines to recruit an attorney for Dewey because the case has no merit, and an attorney will not change the facts of the case.

Finally, Dewey filed a motion for summary judgment, arguing that there are no disputed facts and he is entitled to judgment as a matter of law. ECF 20. Because the complaint does not state a claim, summary judgment is not warranted.

For these reasons, the court:

(1) DENIES the motions (ECF 16, ECF 20, ECF 25); and

(2) DISMISSES this case under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on November 4, 2025.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT